**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **ROWLAND DUFFEY, #417190,** | * |
| **Plaintiff,** | * |
| v. | **CIVIL ACTION NO. PWG-15-1899** |
| | * |
| **STATE OF MARYLAND &** | |
| **HOWARD COUNTY,** | * |
| **Defendants.** | * |

\*\*\*\*\*

**MEMORANDUM**

**I. Background**

Plaintiff Rowland Duffey was convicted in 2012 in the Circuit Court for Howard County of human trafficking under Md. Code Ann., Crim. Law § 11-303(a)(1) and was sentenced on August 23, 2013 to a ten-year term in the Department of Corrections ("DOC"). State Ct. Mot. to Correct Sent. 1, ECF No. 14-3. The sentencing court ordered him to register with the Maryland Sex Offender Registry ("MSOR") as a Tier II sex offender. State Commitment Rec., ECF No. 14-2. On or about April 22, 2014, Duffey filed a motion to correct an illegal sentence, claiming that the sentencing judge should not have ordered him to register as Tier II sex offender because the intended victim of the crime was not a minor, such that "the crime(s) for which he was convicted and the level thereof (i.e. Misdemeanor) do not call for the requirement of the Petitioner to Register as a Sex Offender." State Ct. Mot. to Correct Sent. 1–2. He also argued that the "D.N.A. samples" taken from him "should be removed from the Maryland Database" because he was not convicted of any felony, and "D.N.A. samples are collected of those who[] have been convicted of a felony." *Id.* at 2.

The state court held a hearing on the motion and on June 10, 2014, Circuit Court Judge Richard S. Bernhardt held that the portion of the sentence which required Duffey to register as a Tier

II sex offender was illegal because the victim was not a minor. State Ct. Order, ECF No. 14-4. The sentence was vacated as to the registry requirement. *Id.* "The remainder of the sentence imposed remain[ed] unchanged." *Id.*

On June 25, 2016, Duffey, who now is confined at the Central Maryland Correctional Facility in Sykesville, Maryland, filed a 42 U.S.C. § 1983 civil rights complaint against the State of Maryland (the "State") and Howard County (the "County"). Compl., ECF No. 1. Duffey alleges that, because he was "illegally registered as a sex offender," he has been "forced to endure the humili[ations], the brutalities, and the discrimination heaped upon individuals with such a classification."[1]  *Id.* at 1–2. He asserts that the action taken was a "grandiose mistake and [an] overreaching of power." *Id.* at 2. Duffey claims that it has "taken hours of effort and months of time to have this defaming and slanderous information taken down from the few websites that are willing." *Id.* He seeks $100,000.00 in compensation for the alleged slander and defamation. *Id*. at 3.

Duffey has filed motions to amend his complaint, ECF No. 8; to appoint counsel, ECF Nos. 9, 21 & 23 (opposition incorporating request for counsel); to compel, ECF No. 24; and for production of documents, ECF Nos. 10, 17 & 25. The County and the State have filed motions to dismiss the complaint.[2]  ECF Nos. 11, 14 & 18. Duffey has opposed their motions. ECF Nos. 15 & 23. Both Defendants have filed replies. ECF Nos. 19 & 28. A hearing is not necessary. *See* Loc. R. 105.6.

**II. Motion to Amend**

Duffey moves to amend his Complaint to seek injunctive relief "in the form of a court order ordering all agencies in possession of the plaintiff[']s DNA to destroy all samples." Pl.'s Mot. to

---

[1] For purposes of considering Defendants' motions to dismiss, ECF Nos. 11, 14 & 18, this Court accepts the facts that Plaintiff alleged in his Complaint as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

[2] The State filed a motion for extension of time to file a response. ECF No. 12. The motion shall be granted *nunc pro tunc*.

Am. 1.  Specifically, he claims that the Maryland State Police are violating Maryland law by retaining his DNA and by acting in accordance with a court order that was vacated in 2014. *Id.* He asks that "all physical samples and electronic records be destroyed or expunged." *Id*.

Whether to grant a motion for leave to amend is within this Court's discretion. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Nonetheless, the Court should deny leave to amend if amendment "would prejudice the opposing party, reward bad faith on the part of the moving party, or . . . amount to futility."  *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013). The Maryland State Police is a department of the state government. Md. Code Ann., Pub. Safety § 2–201.  Such departments are not persons and therefore cannot be sued under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 65 (1989); *see also Mesmer v. St. Mary's County,* No. DKC-10-1053, 2010 WL 4791884, at *10 (D. Md. Nov. 18, 2010) (stating that the Maryland State Police is not a person under Section 1983).  Nor is "an agency of a state . . . a 'person' within the meaning of 42 U.S.C. § 1983." *Barksdale v. Green*, No. DKC-15-1109, 2016 WL 4077713, at *9 n.11 (D. Md. Aug. 1, 2016) (citing *Will*, 491 U.S. at 64–65, 70–71).  Therefore, Duffey's request to amend to add a claim for injunctive relief against the Maryland State Police and unnamed "agencies" for retention of his photographs, fingerprints and DNA in violation of state law must be denied based on futility because he has failed to set out a federal claim. *See Will*, 491 U.S. at 65; *Mesmer*, 2010 WL 4791884, at *10.

### III.  Appointment of Counsel

Duffey seeks the appointment of counsel, claiming that he "is unable to afford counsel," "[t]he issues involved in this case are complex," and he "has limited knowledge of the law."  Pl.'s Mot. for Appointment of Counsel 1.  He further alleges that he is unable to "figure [his] way through the bureaucracy" and "unable to identify the people[] [he] should be suing in their individual capacity," and he requires counsel to help him "navigate" his suit. Pl.'s Supp. Mot. for Appointment

3

of Counsel 1. Duffey's motion for leave to proceed in forma pauperis was granted. ECF No. 5. Although 28 U.S.C. § 1915(e)(1) permits a court to request an attorney to represent an indigent litigant, it "does not authorize the federal courts to make coercive appointments of counsel." *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa,* 490 U.S. 296, 309–10 (1989). A district court need not request an attorney's assistance pursuant to § 1915(e)(1) unless the case presents complex issues or exceptional circumstances. *See Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard*, 490 U.S. at 298.

This case presents no exceptional circumstances warranting a request for representation pursuant to § 1915(e)(1). Duffey, who has filed his self-represented complaint and subsequent motions and oppositions, has failed to show a particular need or exceptional circumstances which would require the assistance of a trained practitioner. Therefore, the motions to appoint counsel shall be denied. *See Whisenant*, 739 F.2d at 163.

**IV. Standard of Review – Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See*

*Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiff is proceeding *pro se*, and his Complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from pleading plausible claims. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md.1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. District courts are not required to be mind readers, or to conjure questions not squarely presented to them.

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at * 1 (4th Cir. 1992) (per curiam) (internal citations omitted).

**V. Motions to Dismiss**

The County claims that Duffey has failed to state a plausible claim for relief against it as there are "simply no facts alleged in either the complaint or amended complaint demonstrating any involvement by Howard County, a Howard County agency, or a Howard County official or employee, much less a plausible claim." Cnty. Mot. 3. In his opposition, Duffey alleges that Howard County "acted as the Supervising Authority" responsible for collecting, processing, and submitting his photographs, fingerprints, and DNA pursuant to Maryland statutes. Pl.'s Opp'n to Cnty. Mot. 1. He contends that "Howard County recognized" that he had "never been convicted of a crime listed under [the statute requiring the collection of DNA, photographs, and fingerprints]," yet, "instead of referring the matter back to the State for redress or clarification," the County "proceeded to manipulate/doctor forms themselves manually adding [his] crime to the list of crimes under the code." *Id.* at 1–2.

In its reply, the County contends that Duffey raises new conclusory allegations in his opposition, and beyond that, "[n]othing shows any involvement by Howard County." Cnty. Reply 1, 3. It also argues that the claim does not raise a federal question, as it only arguably states a violation of Maryland state law. *Id.* at 2. Further, it asserts that, to the extent that Duffey has raised a 42 U.S.C. § 1983 claim, "Howard County is not vicariously liable for the alleged unconstitutional actions of its employees," and in any event, he fails to state a claim "because a purported violation of State law is not cognizable under that statute, by which a plaintiff can seek redress of *federal* constitutional or statutory rights." *Id.*

The State moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) on grounds of Eleventh Amendment Immunity and the failure to state a claim upon which relief may be granted. State Mot. 1; State Mem. 3–4. Specifically, the State contends that Duffey fails to "allege[] any constitutional violation" and fails to "allege[] with any specificity the State employee who allegedly required him to register as a sex offender." State Mem. 4.

In opposing the State's motion, Duffey reiterates the allegations raised in his complaint. Pl.'s Opp'n to State Mot. 1. In his view, his "civil right to due process, privacy equal protection of the laws, and protection from defamation/libel (14th amendment) were denied or violated," as was his "right to protection against illegal search and seizures" and his Fifth Amendment right to "[p]rotection from private property being taken for public use without just compensation." *Id.* at 3–4. He also insists that that the Maryland State Police "are refusing to expunge the samples" of photographs, fingerprints and DNA as they are required to do under Maryland Rules in light of the court order vacating his sex offender registration. *Id.* He seeks an injunction to compel the Maryland State Police to expunge any and all physical samples and electronic records collected and entered under Maryland law. *Id.*

6

### A.     The State

Duffey may not raise a claim against the State of Maryland.  "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court."  *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment . . . . regardless of the nature of the relief sought.").  While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't. Art., § 12–201(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court.  Therefore, I will grant the State's motion and dismiss the claims against it.  *See Bd. of Trs. of Univ. of Alabama*, 531 U.S. at 363; *Pennhurst State Sch. & Hosp.*, 465 U.S. at 100.

### B.     The County

Duffey has failed to state a federal claim under § 1983.  The decision of the Supreme Court in *Paul v. Davis*, 424 U.S. 693 (1976), is dispositive here. In that case, the Supreme Court discussed the limits of a protected liberty or property interest and held that a plaintiff may not rely on defamatory statements as the basis for a due process claim asserted under § 1983.  *Id.* at 711–12.  Harm or injury to a plaintiff's interest in his reputation does not result in the deprivation by a state of a plaintiff's due process "liberty" or "property" interests.  *Id.* at 712.  "[I]nterest in reputation is simply one of a number which the State may protect against injury by virtue of its tort law, providing a forum for vindication of those interests by means of damages actions."  *Id.*  In this case, it is apparent that Duffey is seeking damages and other relief primarily because his reputation was allegedly damaged when he was required to register as a sexual offender.  Under *Paul*, a claim of

this sort is not maintainable under § 1983. *See id.*; *see also* Siegert v. Gilley, 500 U.S. 226, 233 (1991). An action for damages to reputation "lies . . . in the tort of defamation, not in 42 U.S.C. § 1983." *Fleming v. Dep't of Pub. Safety*, 837 F.2d 401, 409 (9th Cir. 1988).

Insofar as Duffey alleges defamation, a defamation claim is a state tort claim that does not present a federal question. *See* 28 U.S.C. §§ 1331, 1332. Plaintiff only invokes this Court's federal question jurisdiction. Because Duffey has not alleged that this Court has diversity jurisdiction, I must dismiss his claim. *See Lekoba v. Oboa-Franck*, No. GJH-16-2627, 2016 WL 4059347, at *2 (D. Md. July 28, 2016) ("When a party seeks to invoke diversity jurisdiction under § 1332, he or she bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." (citing *Kimble v. Rajpal*, 566 Fed. App'x 261, 263 (4th Cir. 2014)). I will do so without prejudice, given that the amount in controversy exceeds $75,000 and the citizenship of the parties may be diverse if Duffey was not a Maryland resident before his incarceration. *See Neff v. Seacrist*, No. RDB-08-891, 2008 WL 6098983, at *1 (D. Md. Apr. 14, 2008) ("It is well established that a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile. Instead, the prisoner retains his pre-incarceration domicile." (citing 15 James Wm. Moore et al., Moore's Federal Practice ¶ 102.37[8][a] (3d ed.1999) (collecting cases))).

### C.    New Allegations in Oppositions

In opposing the motions to dismiss, Duffey asserts that he "would also like to amend the complaint to include State and County employees in their individual capacities, but the identities of these employees are shrouded in bureaucracy," and he has submitted document production requests to identify the individuals. Pl.'s Opp'n to State Mot. 2. He also seeks to amend to "add the sentencing judge who ordered the illegal order," Howard County Circuit Court Judge Becker. *Id.* at 4. And, he presents new allegations that Howard County "acted as the Supervising Authority"

responsible for collecting, processing, and submitting his photographs, fingerprints, and DNA pursuant to Maryland statutes. Pl.'s Opp'n to Cnty. Mot. 1. "It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *See Nicholson v. Fitzgerald Auto Mall*, No. RDB-13-3711, 2014 WL 2124654, at *4 (D. Md. May 20, 2014) (citation and quotation marks omitted). Moreover, neither the addition of the new defendants nor the new allegations of the County's actions remedies the deficiencies in Duffey's § 1983 claim or establishes diversity jurisdiction for purposes of bringing a defamation claim in this Court. And, the claims against Judge Becker, in his role as a judge, "would be subject to dismissal under the doctrine of judicial immunity." *See Graves v. White*, No. TDC-16-1067, 2016 WL 4379231, at *3 n.1 (D. Md. Aug. 16, 2016) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). Thus, if properly presented as a motion to amend, these requests would be denied as futile. *See MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013).

**VI. Motions for Production of Documents and to Compel**

Duffey seeks to compel the production of state court transcripts and orders related to his criminal case and hearings and copies of all documents completed by Howard County Jail employees on August 23, 2013, pertaining to Duffey and relevant to particular Maryland statutory provisions. "[D]iscovery shall not commence . . . until a scheduling order is entered," unless the parties agree or the Court orders otherwise. Loc. R. 104.4, 803.1; *see* Fed. R. Civ. P. 26(d)(1). Here, there has been no scheduling order issued setting forth deadlines for discovery. Further, in light of Duffey's failure to set out a colorable federal claim under Rule 12, his requests for state court transcripts and orders, as well as other general material, are extraneous and irrelevant. Therefore, the motions for production of documents and to compel shall be denied. *See* Loc. R. 104.4, 803.1.

## VII. Conclusion

In sum, Duffey's motions to amend his complaint, ECF No. 8; to appoint counsel, ECF Nos. 9 21 & 23; to compel, ECF No. 24; and for production of documents, ECF Nos. 10, 17 & 25, shall be denied. Defendants' motions to dismiss shall be granted. A separate Order shall be entered reflecting the rulings entered in this decision.

Date:  August 29, 2016          /S/
                                Paul W. Grimm
                                United States District Judge